UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Securities and Exchange Commission

Plaintiff,

v.                                    Case No. 8:09-cv-01093-RAL-EAJ

Stephen E. Bowman, and
Bowman Marketing Group, Inc.,

Defendants

## FINAL JUDGMENT AS TO STEPHEN E. BOWMAN AND BOWMAN MARKETING GROUP, INC.

The Securities and Exchange Commission having filed a Complaint and defendants Stephen E. Bowman, and Bowman Marketing Group, Inc. ("BMG") having consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Bowman, BMG and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of

any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Bowman, BMG and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Bowman, BMG and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Bowman is permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by, making use of any means or instruments of transportation or communication in interstate commerce or the mails to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any non-exempt security unless he is, or is associated with one who is, registered in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Bowman and BMG are liable for disgorgement of $3,146,956 representing proceeds of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $442,535, for a total of $3,489,491. Any amount in excess of $5,877,834 actually paid by defendant Thomas D. Woodcock, Jr. in satisfaction of the order of disgorgement against him in this matter shall be credited towards the disgorgement ordered against defendants Bowman and BMG. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, the defendant may assert any legally permissible

defense. Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying Stephen Bowman or BMG as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Bowman shall pay a civil penalty in the amount of $130,000 pursuant to Section 20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)]. Defendant shall make this payment within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Stephen Bowman as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** at Tampa, Florida on ___July 7, 2010___

_____
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**